UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

COLONEL A. ADAMS,

                Plaintiff,

-against-

WARNER BROTHERS PICTURES
NETWORK, AND CASTLE ROCK
ENTERTAINMENT, AND DISCOVERY
OR SCIENCE CHANEL NETWORK,

                Defendants.
----------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ NOV 2 2 2005 ★
TIME A.M. _____
P.M. _____

MEMORANDUM
AND ORDER
05-CV-5211 (SLT)

TOWNES, United States District Judge:

Plaintiff files the instant complaint and order to show cause seeking to stop the defendants from producing and distributing the films "Polar Express" and "Trans Atlantic Tunnel" and thirty billion dollars in damages because, he alleges, the films contain artwork to which he holds a copyright. Plaintiff's request for injunctive relief is denied. However, plaintiff's application to proceed *in forma pauperis* is granted and plaintiff is granted thirty days from the date of this Order to amend his complaint as set forth below.

Injunctive Relief

Plaintiff's request for a preliminary injunction and a temporary restraining order are denied. The party seeking such injunctive relief must establish that: (1) absent injunctive relief, it will suffer an irreparable injury; and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tips in favor of the party requesting the preliminary relief. Latino Officers Ass'n v. Safir, 170 F.3d 167, 171 (2d Cir.1999); see also Maryland Cas. Co. v. Realty Advisory

1

Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir.1997); Jackson Dairy Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir.1979) (*per curiam*). A showing of irreparable harm is considered the "single most important requirement" in satisfying the standard. See Alliance Bond Fund, Inc. v. Grupo Mexicano de Desarrollo, S.A., 143 F.3d 688, 696 (2d Cir. 1998) reversed on other grounds, 527 U.S. 308 (1999); Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir.1990) (recognizing that "irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction"). "A moving party must show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages." National Association for Advancement of Colored People, Inc. (NAACP) v. Town of East Haven, 70 F.3d 219, 224 (2d Cir.1995) (citing Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir.1989)); Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) ("The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies").

Plaintiff has not made the requisite showing for such relief. Plaintiff alleges that "Transatlantic Tunnel" was released on April 16, 2003 and "Polar Express" was released on November 10, 2004. He arrives at the courthouse steps on November 7, 2005 because "Polar Express" is scheduled to be released on "dvd" on November 10, 2005. As plaintiff states, on April 16, 2003, "the damage had already been done, because the network had made transcripts, dvds and video tapes." Memorandum of Law at 2. The purported harm that petitioner seeks to avoid is neither imminent nor irreparable. It happened years ago and is the type of injury which can be fully remedied by money damages, if appropriate. Accordingly, the order to show cause is denied.

Standard of Review

Turning to plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion of fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Copyright Infringement Claim

In order to state a cognizable claim of copyright infringement under the Copyright Act, 17 U.S.C. § 501(b), a plaintiff must allege: (1) that she owns a valid copyright; (2) that the defendant copied original elements of the copyrighted work; and (3) that there is a substantial similarity between the protectible material in the plaintiff's and defendant's works. Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 122-23 (2d Cir.1994); Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Moreover, in order to satisfy Rule 8's requirement that the complaint provides defendants fair notice of the claims against them, "a plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred. Rather, she must identify the 'specific original work [that] is the subject of the claim' as well as 'by what acts' the defendant infringed the copyright." Sharp v. Patterson, No. 03 Civ 8772,

3

2004 WL 2480426, at *12-13 (S.D.N.Y. Nov. 3, 2004). Here, plaintiff fails to (a) identify the specific artwork describing it in his submissions only as "his design art [ATST & TSSS];" (b) state that he owns a valid copyright; or (c) demonstrate how defendants infringed on his copyright by producing the films "Polar and "Trans Atlantic Tunnel."

Leave to Amend

As presently stated, even interpreting plaintiff's pleadings as raising the strongest argument they suggest, plaintiff has failed to state a claim upon which relief may be granted under the Copyright Act. In an abundance of caution however, and in deference to plaintiff's *pro se* status, the Court grants plaintiff thirty days to amend his complaint. See Cruz v. Gomez, 202 F.3d 593 (2dCir. 2000) (*pro se* plaintiff should be afforded opportunity to amend complaint prior to dismissal).

Conclusion

Plaintiff is granted thirty days leave to file an amended complaint. The amended complaint must be signed and submitted to the Court within thirty days of the date of this Order, be captioned "AMENDED COMPLAINT," and bear docket number 05-CV-5211. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Once submitted, the amended complaint shall be reviewed for compliance with this order and for sufficiency under 28 U.S.C. § 1915 (e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in

good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
November 17, 2005