UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

COLONEL A. ADAMS,

      Plaintiff,

        -against-

WARNER BROTHERS PICTURES
NETWORK, AND CASTELROCK
ENTERTAINMENT, AND DISCOVERY
OR SCIENCE CHANNEL NETWORK,

      Defendants.

-----------------------------------------------------X

NOT FOR PUBLICATION

05-CV-5211

MEMORANDUM & ORDER

FILED
IN CLERK'S O...
U.S. DISTRICT CC...

★ APR 21, 2010

P.M.
TIME A.M. ____

TOWNES, United States District Judge:

      Plaintiff Colonel A. Adams brought this action *pro se* against the Defendants for copyright infringement. Defendants moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In a Memorandum and Order dated June 29, 2007, the Court granted the motion and dismissed the Complaint, and a judgment was filed on July 6, 2007 in favor of the Defendants. (*See* Docket Nos. 23 & 24.)

      Plaintiff then moved for reconsideration, and in a Memorandum and Order dated July 11, 2007, the Court denied the motion, holding that Plaintiff did not "suggest that there [was] any relevant point of law or fact which this Court might have overlooked." (Docket No. 26.) Plaintiff appealed to the Second Circuit Court of Appeals, which affirmed the judgment in a summary order dated August 13, 2008. (Docket No. 33.) Plaintiff then petitioned the United States Supreme Court for a writ of certiorari, and the Supreme Court denied the petition on December 8, 2008. *Adams v. Warner Bros. Pictures Network*, 129 S.Ct. 740, 741 (2008).



On September 8, 2009, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 59 & 60 seeking "Relief of Judgment or Order" and an "Amendment of Judgment." (Docket No. 34.) Plaintiff vaguely refers to "newly discovered evidence" and "errors in Court record" without coherently specifying the evidence or errors that he references. (*Id.*) He also complains that the Second Circuit's decision was "incorrect" and states that "it is only fair that the plaintiff's case be reinstated." (*Id.*)

Plaintiff's motion is both untimely and without merit. In July 2007, when the judgment was filed in this case, Rule 59(e) provided that a "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."[1] Under Rule 60(c), a motion pursuant to Rule 60(b) for relief from a final judgment based on mistake, newly discovered evidence, or fraud must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Plaintiff's motion, filed more than two years after a final judgment was entered is untimely, and no explanation is given for the delay. It appears that Plaintiff seeks to reargue issues resolved by the Court's dismissal of his Complaint after the Second Circuit affirmed the Court's decision and the Supreme Court denied his petition for a writ of certiorari. Plaintiff has not shown a basis to alter or amend the judgment filed in this case under Rule 59 or for relief from the judgment under Rule 60. Accordingly, the Plaintiff's motion (Docket No. 34) is DENIED.

SO ORDERED.

Dated: April 20 2010
Brooklyn, New York

/ SANDRA L. TOWNES
United States District Judge

---

[1] This rule was amended, effective December 1, 2009, to extend the time for filing such a motion to twenty-eight days after a judgment is entered.

2